(December 11, 1962)

■ OTIS ELEVATOR COMPANY, Appellant, v. JOHN E. MAGEE, Respondent.

*Per Curiam.* Plaintiff appeals from an order denying its motion to dismiss the second affirmative defense as insufficient. Plaintiff seeks a judgment declaring it to be the owner of a patent issued July 12, 1960 in defendant's name as inventor and directing defendant to assign the patent to it. The alleged basis of plaintiff's rights is that the invention was "made and perfected" by defendant in the course of the latter's duties as one of plaintiff's employees, that it was the custom and practice in the operation of plaintiff's business for all employees making inventions in the course of their employment to assign such inventions and the patents issued thereon to plaintiff, and that defendant had known of and had acquiesced in such custom and practice.

Paragraph Twentieth of the questioned defense alleges misconduct by plaintiff in connection with its prosecution of the patent application. As the patent was in fact issued, however, defendant suffered no prejudice and we find nothing in the criticized acts which on equitable grounds should defeat plaintiff's claim. The fact, as alleged, that because of such claim defendant has been unable to interest other persons in the invention — the gist of paragraph Twenty-first — hardly justifies refusal to assign the patent if plaintiff is otherwise entitled to an assignment. Nor is paragraph Twenty-second meritorious. Its conclusory statements regarding plaintiff's monopolistic purpose do not allege a design "to acquire a monopoly not embraced in the patent" (*Transwrap Corp.* v. *Stokes Co.,* 329 U. S. 637, 643; and see *United States* v. *Line Material Co.,* 333 U. S. 287, 309; *Automatic Radio Co.* v. *Hazeline,* 339 U. S. 827, 834); and while defendant argues that suppression of a patented invention should not be countenanced (cf. *Special Equip. Co.* v. *Coe,* 324 U. S. 370), he merely alleges that "plaintiff is not now using the invention ° ° ° and has no present plans to use said invention" (the answer was verified Aug. 4, 1960).

Moreover, the alleged illegalities are not directly related to the matter in litigation and there is no averment that defendant has been injured by them (see *Weiss* v. *Mayflower Doughnut Corp.,* 1 N Y 2d 310, 316; *Gold Bond Stamp* v. *MacDonald Stamp,* 17 A D 2d 17). The case of *J. A. Migel, Inc.* v. *Bachofen* (96 N. J. Eq. 608), which defendant cites, is of no avail to him. Under its doctrine paragraph Twenty-second would be sufficient only if it contained allegations of a nature lacking here, namely, that plaintiff intended to suppress the invention and that in consequence defendant would be deprived of royalties. Finally, should the question whether plaintiff is entitled to a shop right enter into the litigation (cf. *Cahill* v. *Regan,* 5 N Y 2d 292, 298), the deficiencies of the second affirmative defense would in our opinion be no less pronounced.

Accordingly, the order entered on July 12, 1962, denying plaintiff's motion to dismiss the second affirmative defense, should be reversed, on the law, with costs, and the motion granted.

Botein, P. J., Rabin, McNally and Eager, JJ., concur.

Order, entered on July 12, 1962, denying plaintiff's motion to dismiss the second affirmative defense, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion granted.